# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY MAYS,** | ) | |
| **No. 325435,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:17-cv-01018** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **CORECIVIC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

Timothy Mays, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against CoreCivic, Damon Hininger, C. Brunn, Blair Leibach, J. Wardlow, Y. Pittman, Samantha Pratts, and Tony Parker, alleging violations of the Plaintiff's civil rights. (Docket No. 1). As relief, the Plaintiff seeks injunctive relief and damages. (*Id.* at 6).

The Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges,

or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, while an inmate of the Trousdale Turner Correctional Center, the Plaintiff has been held in Alpha Alpha pod also known as "the refused cell assignment pod" since August of 2016 during which time he has not been permitted daily recreation, daily showers, or access to a law library or to proper medical care. In addition, the complaint alleges that the Plaintiff has not been allowed to attend any religious services, has been not allowed to hold a job or to eat in the chow hall, and has not been allowed to purchase items from the commissary such as a toothbrush. (Docket No. 1 at pp. 5, 7).

## IV. Analysis

### A. Section 1983 official capacity claims for monetary damages

The Plaintiff sues all individual Defendants except Samantha Pratts in their official and individual capacities; Pratts is sued only in her individual capacity. (Docket No. 1 at p. 12). The Plaintiff's § 1983 claims for monetary damages against any individual Defendant in his or her official capacity are barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989). Thus, any such claims must be dismissed.

### B. Defendants with no alleged personal involvement

While the complaint names eight Defendants to this action, the Plaintiff has not alleged any specific personal involvement by Defendants C. Brunn, Samantha Pratts, or Tony Parker in the

events described in the complaint.  A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and the Plaintiff here has failed to do so with regard to the above-named Defendants.  Thus, the Plaintiff's claims against these Defendants must be dismissed.

## C.    Conditions of confinement

The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987).   Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2400, 69 L.Ed.2d 59 (1981).   However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982).  The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

The Plaintiff's conditions of confinement claims are based on his allegations that, as an inmate housed in Alpha Alpha Pod, he is denied daily showers, full commissary privileges, television, and "proper medical care."   First, the Sixth Circuit has concluded that deprivation of a shower and other personal hygiene items for a "brief span of time . . ., i.e., only six days" is not actionable conduct. *Richmond v. Settles*, No. 09-6285, 2011 WL 6005197, at *6 (6th Cir. Dec. 2, 2011)(citing *Siller v. Dean*, 204 F.3d 1341, (6th Cir. Feb. 1, 2000)).  Here, the complaint does not allege that the Plaintiff is deprived of showers for a lengthy period of time, only that the Plaintiff is not permitted to shower every day.  Therefore, the Plaintiff's claim based on his inability to take daily showers  fails to state an Eighth Amendment claim upon which relief can be granted.

As a general matter, there is no constitutional right of access to a jail or prison commissary. *See Wolfe v. Alexander,* No. 3:11-cv-0751, 2014 WL 4897733, at *8 (M.D. Tenn. Sept. 30, 2014)(citing *Newell v. Ruth*, No. 1:11-cv-86, 2014 WL 4411045, at *9 (E.D. Tenn. Sept. 8, 2014)("[C]ommissary access is a privilege, not a right.")). Here, the complaint does not allege that the Plaintiff's denial of access to commissary was in retaliation for his exercise of a constitutionally protected right. In the absence of such an allegation, the Court finds that the Plaintiff's conditions of confinement claim premised on the lack of access to the prison commissary fails to state an Eighth Amendment claim upon which relief can be granted.

Next, the complaint alleges that the Plaintiff is not not allowed to watch television. Simply stated, there is no constitutional right to television while incarcerated. *Rawls v. Sundquist*, 929 F. Supp.3d 284, 288-89 (M.D. Tenn. 1996)(citing *Dede v. Baker*, No. 93-2319, 1994 WL 198179, at *2 (6th Cir. May 18, 1994)).

Finally, while the complaint alleges that inmates housed in Alpha Alpha pod are not provided with proper medical care, the complaint does not provide any examples or specifics regarding how the Plaintiff has received inadequate medical care while housed in Alpha Alpha pod. To establish a violation of his Eighth Amendment rights resulting from the medical care provided or a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). The Plaintiff here has not alleged that any Defendant acted with deliberate indifference to a serious medical need. Consequently, the Court finds that the complaint fails to states colorable Eighth Amendment claims based on the allegations pertaining to the conditions of the Plaintiff's confinement. These claims will be dismissed. 28 U.S.C. § 1915A.

### D. Placement in Alpha Alpha pod

The Plaintiff complains about his placement in the Alpha Alpha pod. However, an inmate does not have a liberty interest in a particular security classification or in freedom from segregation. *Miller v. Campbell*, 108 F. Supp.2d 960, 963 (W.D. Tenn. 2000)(citations omitted). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

Here, the complaint alleges that the Plaintiff's placement in Alpha Alpha pod subjects him to stricter restrictions on religious practice than inmates who are housed in general population or segregated units. In addition, he alleges that he is not permitted to eat in the chow hall.

As to the Plaintiff's claim that he is not permitted to eat in the chow hall, the complaint fails to allege that the Plaintiff is not receiving meals or is receiving meals nutritionally insufficient to maintain his health. His claim concerns only the fact that he must dine in his cell. The Court finds that this allegation, even if true, does not describe an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87.

However, as to the claims that the Plaintiff is not permitted to attend any religious services

or practice his religion in any way while segregated, prisoners have a First Amendment right to practice their religious beliefs, *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984). Prisoners must be provided "reasonable opportunities" to practice their religion. *Id.* Therefore, an inmate's First Amendment right to exercise his religious beliefs may be subjected to reasonable restrictions and limitations reasonably related to legitimate penological interests. *Bell v. Wolfish*, 441 U.S. 520, 549-51, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979)(limited restriction against receipt of hardback books under certain circumstances was a rational response to a security problem and did not violate the First Amendment rights of inmates); *Pollack v. Marshall*, 845 F.2d 656, 658-60 (6th Cir.1988) (plaintiff who challenged regulation limiting the length of prisoners' hair did not demonstrate he was prevented from practicing his religion in ways other than being required to comply with the hair length regulation failed to state a constitutional violation).

The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs, nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate; the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979); *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989).

The Plaintiff claims that, while housed in Alpha Alpha pod since August of 2016, he has not been permitted to attend **any** religious services. The burden is on the Plaintiff to demonstrate that the right to practice his religion was denied. However, the complaint does not explain how, without

the ability to attend religious services, the Plaintiff had an alternative means of exercising his religion. For example, the complaint does not allege that the Plaintiff may schedule appointments for individual visits with religious ministers or that Bibles or religious texts are available to inmates who request them. Based upon Plaintiff's allegations, which the Court must accept as true for purposes of PLRA screening, the Court concludes that these allegations are sufficient to state a non-frivolous First Amendment claim for purposes of the required PLRA screening. The complaint identifies Defendant Warden Blair Leibach (Docket No. 1 at p. 5) as playing some role in the denial of the Plaintiff's First Amendment rights.

As to Defendant Core Civic, "[a] private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996)); see *also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. *Thomas*, 55 F. App'x at 748–49; *Street*, 102 F.3d at 817–18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Core Civic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

To prevail on a § 1983 claim against Core Civic, the plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* Here, construed liberally, the complaint alleges that the Plaintiff suffered harm because of an unconstitutional policy or custom of Core Civic: inmates housed in Alpha Alpha pod are not permitted to attend any religious services or otherwise practice their religious beliefs. Were the

8

Plaintiff facing a motion to dismiss, his burden of proof would be much higher. He would need to show that Core Civic had an unconstitutional policy, that the policy was applied in the Plaintiff's case, and the policy was a "moving force" behind the denial of the Plaintiff's religious rights. *See, e.g., Ezell v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11–0405, 2012 WL 2601940, at *8 (M.D. Tenn. June 6, 2012) (report and recommendation), adopted, 2012 WL 2601936 (M.D.Tenn. July 5, 2012); *Moffat v. Mich. Dep't of Corr.*, No. 09–14696, 2010 WL 3906115, at *9 n.11 (E.D. Mich. May 21, 2010) (allegation that "CMS had a policy of denying treatment in order to maximize profits" insufficient to survive motion to dismiss without supporting factual allegations) (report and recommendation), adopted, 2010 WL 3905354 (E.D.Mich. Sept. 27, 2010); *Crawford v. Mich. Dep't of Corr.*, No. 2:09–cv–7, 2010 WL 1424246, at *5 (W.D. Mich. Mar. 31, 2010) ("Plaintiff has pleaded no facts supporting his allegation that, pursuant to contract, Plaintiff's medical treatments were based upon cost concerns."); *Broyles v. Corr. Med. Servs., Inc.*, No. 08–1638, 2009 WL 3154241 (6th Cir. Jan. 23, 2009) (inmate's "bare allegation of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief"). However, the Plaintiff is not facing a motion to dismiss at this time; the Court is conducting the required PLRA screening of the Plaintiff's complaint, which is a lower burden for the Plaintiff to overcome in order for his claims to proceed.

The Court finds that the Plaintiff's allegations are sufficient to state a First Amendment claim based on the Core Civic policy that Alpha Alpha pod inmates are not permitted to attend religious services or otherwise practice their religion. Because the Plaintiff alleges the existence of a Core Civic policy or custom, the Court will not dismiss Core Civic Chief Executive Officer Damon Hininger or Assistant Wardens Jerry Warlow and Yolanda Pittman at this time with regard to these

claims. Of course, the Plaintiff will bear the burden of supporting his allegations as to each Defendant with evidence as this case progresses. The Court simply finds that, for now, the Plaintiff's First Amendment claims against Leibach, Core Civic, Hininger, Warlow, and Pittman survive the required screening under the PLRA.

**E.     Access to law library or legal aid**

The complaint alleges that inmates housed in Alpha Alpha pod have no access to a law library or to a legal aid. The Plaintiff is correct in asserting that prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996). An inmate who is claiming he was denied access to court, however, must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351.

To demonstrate the lack of access has hindered his efforts to pursue a legal claim, an inmate must establish the prison official impeded his pursuit of a non-frivolous post-conviction or civil rights action, *i.e.*, a denial or dismissal of a direct appeal, habeas petition, or civil rights case seeking to vindicate basic constitutional rights. *Lewis*, 518 U.S. at 348–354. The Plaintiff's allegation that he has been denied access to a law library or to a legal aid while housed in Alpha Alpha pod lacks sufficient specificity to give rise to a constitutional deprivation. The Plaintiff has failed to allege any prejudice to this litigation, a direct appeal, a habeas petition, or any other civil rights action under 42 U.S.C. § 1983 to "vindicate basic constitutional rights." *Lewis*, 518 U.S. at 354; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation"). Therefore, the Plaintiff has failed to demonstrate a constitutional violation. Accordingly, the Plaintiff's claim that he was not provided

with adequate access to a law library or to a legal aid will be dismissed for failure to state a claim upon which relief may be granted.

F.       **Inmate job**

Finally, the complaint alleges that inmates housed in Alpha Alpha pod are not permitted to hold prison jobs.  Prisoners have no constitutional right to a particular job, or to any job at all for that matter.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Bishop v. Wood*, 426 U.S. 341 (1976); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).  Rather, prison administrators may assign inmates jobs and wages at their discretion. *Miller v. Campbell*, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000).   Because the Plaintiff does not have a constitutional right to any job at all while incarcerated, this allegation fails to state a claim upon which relief can be granted.

V.       **Conclusion**

As set forth above, the Court finds that the complaint states colorable First Amendment claims against Defendants Leibach, Core Civic,  Core Civic Chief Executive Officer  Damon Hininger and Assistant Wardens Jerry Warlow and Yolanda Pittman pursuant to § 1983.  28 U.S.C. § 1915A.  These claims survives the required PLRA screening.  However, the Plaintiff's remaining claims will be dismissed for failure to state claims upon which relief can be granted.  Likewise, the Plaintiff's claims for monetary damages against Defendants Leibach, Hininger, Warlow, and Pittman in his/ her official capacities will be dismissed.

An appropriate Order will be entered.

ENTER this 5th day of September 2017.

Aleta A. Trauger
United States District Judge